Richter Mfg. Co. *v.* Vicksburg Candy Co.

[90 South. 445.  No. 22276.]

1. ACCOUNT, ACTION ON. *General issue with supporting affidavit puts in issue defendant's liability.*

   In a suit on an open account, sworn to under section 1978, Code of 1906, section 1638, Hemingway's Code, a plea of the general issue supported by an affidavit that "the account sued on is untrue and incorrect, that it is not due and owing from defendant to plaintiff, and that the matters and things set forth by defendant in the notice under the plea of general issue are true and correct," puts in issue the liability of the defendant on the account, and where there is a conflict of evidence thereon this issue should be submitted to the jury.

2. ACCOUNT, ACTION ON. *In suit on open account, where a plea to the general issue is filed, held not error to permit a counter affidavit after the return term.*

   In a suit on an open account, sworn to under section 1978, Code of 1906, section 1638, Hemingway's Code, where only the plea of general issue is filed at the return term, it is not error for the court to permit a counter-affidavit to be filed after the return term and before the trial is begun.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Suit by the Richter Manufacturing Company against the Vicksburg Candy Company, in which peremptory instruction was granted to the defendant, and the plaintiff appeals.   Reversed and remanded.

*Dabney & Dabney,* for appellant.

*Brunini & Hirsch,* for appellee.

COOK, J., delivered the opinion of the court.

The Richter Manufacturing Company instituted suit in the circuit court against the Vicksburg Candy Company.

At the conclusion of all the evidence the defendant's motion for a peremptory instruction was sustained, and from the judgment this appeal was prosecuted.

The declaration filed in this cause is predicated upon an order for a large quantity of paper butter boxes of various sizes previously sold by appellant to appellee at the price of twenty-five and one-half cents per pound, and an itemized account verified by affidavit was filed with the declaration. At the return term appellee filed its plea of general issue and gave notice thereunder, with extended specifications of its numerous defenses which we deem it unnecessary to set out in detail. Appellant filed a replication which in effect was a general denial of all matter pleaded in defense.

At the following term of court appellee filed a counter-affidavit alleging that the account sued on is untrue and incorrect, that it is not due and owing from defendant to plaintiff, and that the matters and things set forth by defendant in the notice under the plea of general issue are true and correct as therein set out. Appellant moved the court to strike out this counter-affidavit for the reason that it was filed too late and was insufficient. This motion was overruled, and this action of the court is assigned as error. Section 1978, Code of 1906, section 1638, Hemingway's Code, provides that in a suit upon an itemized sworn account the affidavit attached to such account "shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct," and it is the contention of appellant that under this section the counter-affidavit must be filed before the return day. We do not think this position is maintainable. The counter-affidavit was filed before the trial of the cause was begun, and we do not think it was error for the court to permit this affidavit to be filed at that time. The counter-affidavit denied the correctness of the account generally without particularizing wherein it was incorrect, and was insufficient to put the plaintiff to the proof of the items thereof; but the plea of

general issue, together with this affidavit, brought the defendant's liability on the account in issue, and this issue should have been submitted to the jury if there was a conflict of evidence thereon.

We deem it unnecessary to set out the testimony offered upon the various issues raised by the pleadings. We have carefully examined this testimony and have reached the conclusion that there are conflicts in this testimony which require the submission of the question of liability to the jury.

For the error in granting a peremptory instruction to defendant, the cause will therefore be reversed and remanded.

*Reversed and remanded.*